953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George Anthony BROWN, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden, Respondent-Appellee.
 No. 90-56310.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Jan. 31, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George Anthony Brown, a California state prisoner, appeals pro se from the district court's dismissal of his 28 U.S.C. § 2254 habeas corpus petition. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 * Brown contends that his constitutional rights were violated because he was not informed of his Miranda rights before he made certain incriminating statements to the police. This contention lacks merit.
 
 
 4
 The rules of police procedure established by Miranda v. Arizona, 384 U.S. 436 (1966), apply only to "custodial interrogation." Id. at 444. "A defendant is in custody when, based upon a review of all the pertinent facts, 'a reasonable innocent person in such circumstances would conclude that after brief questioning he or she would not be free to leave.' " United States v. Wauneka, 770 F.2d 1434, 1438 (9th Cir.1985) (quoting United States v. Booth, 669 F.2d 1231, 1235 (9th Cir.1981)).
 
 
 5
 Pertinent factors to be considered include (1) the language used to summon the individual, (2) the extent to which the defendant is confronted with evidence of guilt, (3) the physical surroundings of the interrogation, (4) the duration of the detention, (5) the degree of pressure applied to detain the individual.
 
 
 6
 Wauneka, 770 F.2d at 1438 (citations omitted).
 
 
 7
 Here, our review of the pertinent facts establishes that Brown was not in custody when he made the incriminating statements to the police. See id. First, Brown voluntarily went to the police station and spoke to Lieutenant Gaida, even though Gaida told Brown that the officers investigating the case were not there. Second, Gaida did not present Brown with any evidence of his guilt. Third, the room in which Gaida interviewed Brown was not isolated or oppressive; it was often used to interview witnesses and victims as well as suspects. Fourth, the conversation between Gaida and Brown lasted only about fifteen minutes. Fifth, Brown was not physically restrained, nor did Gaida tell Brown that he had to remain in the interview room or at the police station. At one point Brown asked Gaida: "If I tell you everything I know, can I go home?" Gaida responded: "Well, that depends. If you are only a witness, you can go." Contrary to Brown's assertion, Gaida's response would not lead a reasonable innocent person to conclude that after brief questioning he would not be free to leave. See id.
 
 
 8
 Moreover, Brown's argument that Miranda warnings were required because Gaida considered him a suspect at the time of the interview has been rejected by the Supreme Court. See California v. Beheler, 463 U.S. 1121, 1125 (1983) ("Miranda warnings are not required 'simply because the questioning takes place in the station house, or because the questioned person is one whom the police suspect' ") (quoting Oregon v. Mathiason, 429 U.S. 492, 495 (1977)).
 
 
 9
 Finally, Brown's contention that he did not knowingly and intelligently waive his right to counsel before giving his confession also lacks merit.
 
 
 10
 "In the context of collateral review, 'a state trial court's determination that a defendant knowingly and intelligently waived his Miranda rights is entitled to a presumption of correctness pursuant to section 2254(d).' " Collazo v. Estelle, 940 F.2d 411, 416 (9th Cir.1991) (en banc) (quotation omitted).
 
 
 11
 Here, the state trial court found that Brown's waiver of his right to counsel was knowing and intelligent. The trial court's finding is supported by the record and therefore is entitled to a presumption of correctness. See id. When the police asked Brown whether he wanted to give up his right to have an attorney present during questioning, Brown said: "That's for me and you, right?" The police officer responded: "Right." Brown argues that this exchange led him to believe that his responses to the officer's questions would be confidential, and therefore his waiver of the right to have an attorney present was not valid. The state trial and appellate courts interpreted Brown's question as an attempt to determine whether he was giving up his right to an attorney solely for that particular interrogation and found his waiver to be valid. The state courts' determination is supported by the record and thus is entitled to a presumption of correctness. See id.
 
 II
 
 12
 Brown contends that the trial court's jury instructions on the intent required to support a conviction for aiding and abetting did not comply with People v. Beeman, 35 Cal.3d 547, 199 Cal.Rptr. 60, 674 P.2d 1318 (1984), and therefore his conviction must be reversed. This contention is meritless.
 
 
 13
 "Insofar as [Brown] challenges the jury instructions under California law, his claim is not cognizable in federal habeas proceedings." Willard v. California, 812 F.2d 461, 463 (9th Cir.1987) (citations omitted). Nevertheless, a federal habeas court can reverse a conviction if a defective instruction "by itself so infected the entire trial that the resulting conviction violates due process." Cupp v. Naughten, 414 U.S. 141, 147 (1973).
 
 
 14
 Here, the trial court's jury instructions did not deprive Brown of due process. The jury was instructed, in part, that:
 
 
 15
 a person aids and abets the commission of a crime if, with knowledge of the unlawful purpose of the perpetrator of the crime, he intentionally aids, promotes, encourages or instigates by act or advice the commission of such crime.
 
 
 16
 Moreover, the state presented substantial evidence that Brown acted with the requisite intent, and the issue of intent was argued to the jury by defense counsel in his closing. Accordingly, "[w]here, as here, there is ample evidence that the defendant associated himself with and participated in the criminal venture, the failure to give a distinct instruction regarding specific intent does not offend federal due process." Willard, 812 F.2d at 464 (denying federal habeas petitioner's claim that Beeman error deprived him of due process).
 
 
 17
 Accordingly, we affirm the district court's dismissal of Brown's habeas corpus petition.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Brown's requests for oral argument and appointed counsel are denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3